JOHN A. STUM and Others, Appellants, *v.* RAY H. ARNOLD, Respondent.

First Department, June 23, 1930.

*William J. Rapp* of counsel [*Ethel M. Oats* with him on the brief; *Hann & Rapp*, attorneys], for the appellants.

*David K. Shappiro* [*Milton R. Weinberger* and *Milton Kepecs* with him on the brief], for the respondent.

SHERMAN, J.  This suit was instituted for an accounting of the assets of certain partnerships in which plaintiffs were interested with defendant, for a receiver and for an injunction restraining defendant from disposing of property.

The Special Term denied plaintiffs' application for a preliminary injunction and temporary receiver upon the ground that the court should not exercise jurisdiction.

The record shows that plaintiffs had consented that defendant was to be the liquidating partner for their group in these partnerships.  Plaintiffs claim that he received the share of the assets for the benefit of all the parties hereto.

Defendant asserts that these partnerships were dissolved by a decree of the Supreme Court of the District of Columbia, entered on consent and after appearance of the parties to this suit; and further that the assets were and are now within the jurisdiction of that court.  Plaintiffs, on the other hand, contend that partnership funds were placed in the National City Bank in New York, and further that the decree entered in 1923 in the Supreme Court of the District of Columbia was a final decree, so that nothing

remains to be done thereunder. It appears that the matter is now closed so far as the Supreme Court of the District of Columbia is concerned, the partnership assets having been delivered to defendant by consent of plaintiffs. They now assert that they have not received from him their respective shares to which they were entitled.

The court had jurisdiction of the controversy. The discretion of the Special Term was properly exercised in denying the motion.

There is a controversy as to the facts and there are several questions to be litigated, among them, whether plaintiffs were merely nominal partners and entitled to no share of the assets; and, if not, whether their assignments transferred all of their rights. They waited five years after the entry of the consent decree in the Supreme Court of the District of Columbia before asserting these claims. Plaintiffs have not affirmatively shown that they are entitled to the appointment of a temporary receiver or to a temporary injunction.

Furthermore, as stated in the decision at Special Term, the papers indicate that Arnold & Co. should be made a party defendant, plaintiffs having made their assignments to that corporation, and defendant having turned over the shares of plaintiffs to that assignee.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

FINCH, MERRELL, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.